IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-266-1H
No. 5:17-CV-383-H

CARL ANTHONY MCLAUGHLIN,         )
    Petitioner,              )
                         )
                         )          **ORDER**
    v.                       )
                         )
UNITED STATES OF AMERICA,         )
    Respondent.              )

This matter is before the court on petitioner's pro se motion to vacate pursuant to 28 U.S.C. § 2255, [DE #62]. The government filed a motion to dismiss, [DE #66], to which petitioner did not respond. This matter is ripe for adjudication.

## BACKGROUND

On April 8, 2016, petitioner pled guilty pursuant to a written memorandum of plea agreement, to possession with intent to distribute a quantity of heroin, marijuana, and 3,4-methylenedioxymethamphetamine (ecstasy), in violation of 21 U.S.C. § 841(a)(1)&(b)(1)(C) (Count One). On July 14, 2016, the court sentenced petitioner to a total term of imprisonment of 108 months. Judgment was entered on July 19, 2016. Petitioner did not appeal.

On July 27, 2017, petitioner filed the instant motion pursuant to 28 U.S.C. § 2255, [DE #62], in light of Johnson v. United States, 135 S. Ct. 2551 (2015), arguing (1) that his sentence was

unlawful in light of the residual clause of the Armed Career Criminal Statute, ("ACCA"), being invalidated; and (2) that his counsel rendered ineffective assistance by failing to object to his sentence in light of Johnson. [DE #62 at 6-8].

## COURT'S DISCUSSION

The timeliness of petitioner's motion is governed by 28 U.S.C. § 2255(f)(1). Petitioner's judgment was entered on July 19, 2016. [DE #58]. Petitioner did not file an appeal, and therefore his judgment became final on the date his judgment was entered, that is, "the date upon which [petitioner] declined to pursue further direct appellate review." United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001). The court notes petitioner's § 2255 motion was not filed until July 27, 2017, more than one year after the judgment became final. Petitioner's § 2255 was mailed on July 25, 2017, which was still in excess of one year from the time his judgment became final. However, petitioner's § 2255 was signed on May 10, 2017, which would have been within the one-year limitation. See Houston v. Lack, 487 U.S. 266, 271-72 (1988) (holding petitioner's "filing" occurs at the time "he delivered the notice to the prison authorities for forwarding to the District Court.").

However, even if the court construed petitioner's filing as timely, petitioner would still not prevail. In the Johnson decision, the Supreme Court of the United States invalidated the residual clause found in 18 U.S.C. § 924(e)(2)(B)(ii), the Armed

2

Career Criminal Act, ("ACCA"). Johnson, 135 S. Ct. at 2557. In Welch v. United States, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held the rule pronounced in Johnson is retroactively applicable on collateral review. In Beckles v. United States, 137 S. Ct. 886, 894-95 (2017), however, the Supreme Court declined to extend its ruling in Johnson to the residual clause of USSG § 4B1.2(a). Petitioner cannot rely on Johnson or its progeny here as he was not sentenced under the ACCA, but rather as a career offender. Additionally, counsel did not render ineffective assistance by failing to object regarding case law that was inapplicable.

Thus, petitioner's motion to vacate is DISMISSED.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss, [DE #66], is GRANTED. Petitioner's motion to vacate, [DE #62], is DISMISSED. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d

3

676, 683-84 (4th Cir. 2001) (citing Slack, 529 U.S. at 484). A reasonable jurist would not find this court's dismissal of Petitioner's § 2255 Motion debatable. Therefore, a Certificate of Appealability is DENIED.

This __4th__ day of February 2020.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#35